[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 26, 1981. They have resided continuously in this state since that time. There are three children issue of the marriage: Ryan Beardsley, born July 24, 1983; Cory Beardsley, born February 14, 1985; and Devin Beardsley, born January 8, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 13 years. The plaintiff is 35 years of age. The plaintiff has several health problems — lupus and rheumatoid arthritis. Despite her illnesses, the plaintiff has completed hairdressing school and is currently gainfully employed working approximately three to four days per week. The plaintiff has been employed throughout the marriage. CT Page 9249
The defendant is 37 years of age and in good health. He has been gainfully employed throughout the marriage. At the present time, he is employed by U.I. earning approximately $43,000 per year.
The two older children have medical problems. Ryan, aged 11 years, has an attention deficit disorder and may require some special classes.
Cory, aged nine years, has hand tremors. He is a needy child and is in special education classes. Both of these children require additional help and extra attention at home. The third child, Devin, appears to have no medical or emotional problems.
Although the parties have been married for approximately 13 years, the plaintiff testified that the marriage was over some time in 1990. For eight years the defendant worked nights, leaving little time for his wife and family. The plaintiff was left to raise the three children with little assistance from the defendant and to cope with the medical/emotional problems of the children on her own. There was little, if any, evidence with respect to a loving and happy relationship between the plaintiff and the defendant. The defendant refused counseling when requested by the plaintiff. It was the defendant's opinion that the marriage was fine and no counseling was necessary.
In 1990 the plaintiff had a relationship with a Michael DellaRocco. This rather tumultuous affair continued through 1993. There was also testimony concerning another affair the plaintiff was involved in for a short period of time.
The major asset of this marriage is the marital home located at 274 Beardsley Road, Shelton, Connecticut, which has a fair market value of approximately $200,000, subject to mortgages totaling approximately $53,000.
The defendant sold his Corvette, purchased before the marriage, for approximately $9200 and this amount represented the down payment for the parties first marital home on Mt. Pleasant Street. This home was subsequently sold and the net proceeds went toward the purchase of a modular home. The lot for this home was given to the plaintiff and the defendant by the defendant's father. The father testified that the lot had a value of approximately $90,000 at the time of the transfer. The plaintiff and defendant paid off approximately $13,000 in back taxes and liens owed by the CT Page 9250 defendant's father on this lot. The parties then financed a modular home which was placed on this lot. The defendant's father has released an easement right over this lot which easement would have seriously reduced the value of this property.
No useful purpose would be served by a review of all the evidence presented in this matter. Although the marriage may not have been a happy one from the plaintiff's perspective, the marriage did not irretrievably break down until 1990 when the plaintiff initiated an affair outside of the marriage. The affair was not the symptom of an unhappy marriage but rather a direct cause of the irretrievable breakdown of the marriage. The court attributes the greater fault for the breakdown of the marriage to the plaintiff.
In entering the orders that follow, the court has also considered the health of the plaintiff, her role as primary caretaker of three minor children, two of whom have serious problems, her non-economical contributions to the family and her financial contributions. The court has considered the statutory criteria with respect to both parties.
I. Custody and Visitation
1. There shall be joint custody of the three minor children with principal custody to the plaintiff wife.
2. The defendant shall have flexible, reasonable and liberal rights of visitation to include but not be limited to the following:
A. Visitation Schedule
 1. Every other weekend from Friday 7:00 p.m. to Sunday 7:00 p.m.
 2. On the non-overnight weekend from Sunday 10:00 a.m. to 7:00 p.m.
 3. During the week the parties shall endeavor to work out visitation as per the boys' school and activities schedules.
 4. Husband shall have the right to daily telephone contact with the minor children when they are with CT Page 9251 the wife. Telephone contact shall be at reasonable times. The wife shall have the right to reasonable telephone contact when the husband has the children.
 5. The husband and wife will give to each other the telephone number and address where minor children will be if not at their regular address. This provision shall only be applicable on extended visitation or vacation.
 6. The children's birthdays shall be shared equally by the husband and wife.
 B. Vacation Schedule
 The parties agreed that the children have the following vacation periods:
Christmas vacation
February vacation
Spring vacation
Entire summer vacation
 The husband and wife shall work out between themselves an equal sharing of said vacation time. If the parties cannot agree, then either party may petition the Superior Court for a determination of the issue.
 C. Holiday Schedule
 The parties shall alternate holidays each year beginning with:
Wife — Thanksgiving — November 1994
Wife — Christmas Eve — December 24, 1994
Husband — Christmas Day — December 25, 1994
 He will pick the children up at 11:00 a.m. and bring them home at 8:00 p.m. CT Page 9252
Husband — Easter Day — April 16, 1995
The wife shall have the children on Mother's Day.
The husband shall have the children on Fathers' Day.
The parties shall alternate all other holidays.
II. Child Support
Commencing October 1, 1994, the defendant shall pay child support to the plaintiff in the amount of $255 per week for the support of the minor children until each child shall complete the twelfth grade or attain the age of 19, dies, becomes emancipated or upon the defendant's death, whichever event shall first occur.
III. Medical Coverage
1. The defendant shall provide, pay and maintain medical coverage for the benefit of the minor children as is available through his place of employment. Said coverage shall continue for the benefit of each child for as long as the husband has an obligation to pay child support as set forth above.
2. Any unreimbursed, reasonable medical expenses shall be equally divided between the parties. Medical expenses shall include optical, surgical, psychiatric, psychological and reasonable nursing expenses, cost of prescriptive drugs and all dental expenses including orthodontia expenses.
3. Neither party shall contract for any extraordinary expenses on behalf of the minor children without first consulting the other, except in the case of emergencies. "Extraordinary expenses" for the purposes of this paragraph shall be defined as psychiatric or psychological counseling or therapy, elective surgery or nonmedical healing acts. Consent to such treatment shall not be unreasonably withheld.
4. The plaintiff shall have the benefit of Conn. General Statutes § 46b-84(c) with respect to any medical insurance claims to be submitted.
IV. Real Estate
CT Page 9253
1. The marital residence located at 274 Beardsley Road, Shelton, Connecticut shall remain in the names of the husband and wife. The parties shall endeavor to refinance the first mortgage at a lower fixed interest rate in an amount no greater than the total of the first mortgage in the approximate balance of $33,000 and the second mortgage in the approximate balance of $20,000, plus costs of closing. From said refinance, no additional equity shall be taken from the property. The court shall reserve jurisdiction to determine any issues pertaining to the refinance of the 274 Beardsley Road, Shelton, Connecticut premises.
2. The wife shall have exclusive possession and occupancy of the premises until the first of the following events shall occur:
a) wife's remarriage;
b) wife's cohabitation pursuant to statute;
c) wife's death;
d) wife no longer desires to live in said house;
 e) the youngest child completes the twelfth grade or attains the age of 19.
3. Upon any one of the above events occurring and prior to the premises being placed on the market for sale, the husband shall have the right of first refusal to purchase said premises at its then market value. The fair market value of said premises shall be determined by an appraiser agreeable to both the husband and wife, or if they cannot agree, by a panel of appraisers, one appraiser being selected by the husband and one appraiser being selected by the wife, and the neutral appraiser being appointed by the two appraisers. A decision regarding the fair market value of the property by a majority of the appraisers shall be binding upon the husband and wife.
The husband shall make such election to exercise his option on or before sixty (60) days prior to placing the property on the market for sale by sending written certified notice thereof to the wife. If the husband shall fail to make said election to purchase, as set forth above, this right of first refusal shall terminate and be of no further force or effect whatsoever. The appraiser, or panel of appraisers, as aforesaid, shall be selected by the parties within fifteen (15) days of the date that the husband gives written CT Page 9254 notice of his desire to purchase the property at its then fair market value.
4. In the event the husband fails to exercise his option to purchase the premises and the property is placed on the market for sale, the parties shall accept any offer within 3% of the listing price. The court shall reserve jurisdiction to determine any issues pertaining to the sale of the 274 Beardsley Road, Shelton, Connecticut premises.
5. From the gross proceeds of the sale of 274 Beardsley Road, Shelton, Connecticut, there shall be paid:
 a) The then balance of the existing first mortgage due to the Federal Home Loan Mortgage Corp. or the new mortgage holder in the event the present mortgage is refinanced;
 b) The then balance of the second mortgage due to Shelton Savings Bank if not sooner paid;
 c) A credit to the wife for the paydown of the principal on the first mortgage and the paydown of the principal of the equity line of credit;
 d) Usual and ordinary closing costs, including the real estate commission and attorney's fees.
 e) The balance then remaining shall be divided between the parties as follows:
1) 35% to the wife;
2) 65% to the husband.
6. While the wife is residing in the house, she shall be responsible for the expenses of maintaining the property, including the monthly mortgage payment which is principal and interest, the monthly equity line payment, real estate taxes, homeowner's insurance and utilities. The wife shall be responsible for minor repairs, i.e., those repairs under $450 per year cumulatively. Major repairs shall be paid by each party in accordance with their respective percentage interest of ownership in said real estate. "Major repairs" shall include those repairs costing more than $450 cumulative each year which are reasonably necessary to maintain the CT Page 9255 home and property in good condition. Neither party shall incur any major repair without the written consent of the other party which consent shall not be unreasonably withheld except in the case of emergency. The court shall have continuing jurisdiction to determine the issue of repairs to 274 Beardsley Road, Shelton, Connecticut while his wife occupies said premises.
7. Each party shall be responsible to pay the capital gains tax in accordance with their respective percentage interest ownership in said real estate.
V. Alimony
1. The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for a period of nine years or until the death of the plaintiff, the remarriage of the plaintiff, the death of the defendant or the cohabitation by the plaintiff as defined by statute, whichever event shall first occur.
2. The term of said alimony shall be nonmodifiable.
VI. COBRA Coverage
1. The defendant shall pay for the cost of the plaintiff's medical insurance under COBRA for a period of two years from date. The defendant's responsibility to pay said COBRA benefits on behalf of the plaintiff shall terminate two years from the date of the dissolution and shall be nonmodifiable as to duration and term.
2. Any unreimbursed medical expenses shall be the responsibility of the plaintiff.
VII. Personal Property
1. The plaintiff shall be the sole owner of the 1987 Pontiac motor vehicle. The defendant shall execute the necessary documents within two weeks of date, if any are required.
2. The defendant shall be the sole owner of the 1981 Toyota Corolla motor vehicle and the 1985 Chevrolet Camaro motor vehicle. The plaintiff shall execute the necessary documents within two weeks of date, if any are required.
3. The plaintiff shall be entitled to all the furnishings, furniture, contents and personal property in the marital home CT Page 9256 except for the following, which shall be the defendant's sole property:
a) LXI 19" portable tv;
b) portable am/fm cassette player;
c) dresser in hall closet;
d) all tools and equipment pertaining to car repairs;
e) personal items in basement and attic.
VIII. Tax Exemptions
The defendant shall be entitled to take the three minor children as tax exemptions on his federal and state income tax returns provided he is current in his support payments as of December 31. The plaintiff shall execute whatever necessary documents that are required for this purpose.
IX. Debts
1. The defendant shall be solely responsible for the U.I. Credit Union Loan, Sears and Visa and shall hold the plaintiff harmless therefrom.
2. The plaintiff shall be solely responsible for the Stafford Student Loan and Jordan Marsh and shall hold the defendant harmless therefrom.
X. Life Insurance
The defendant shall maintain his current policy of life insurance as is available through his place of employment which is presently in the amount of $68,0000 [$68,000] and he shall name the plaintiff and the minor children as beneficiaries thereon for so long as the defendant has an obligation for alimony and/or child support. This provision shall be modifiable.
XI. Miscellaneous
1. Upon the sale of the marital home, the plaintiff shall be entitled to the sum of $5375 to be taken from the defendant's share of the net sale proceeds. The court is awarding this amount to the CT Page 9257 plaintiff in lieu of any present division of the defendant's 401(K) plan and pension plan.
2. The defendant shall be responsible for all utility bills, mortgages, taxes and insurance up to October 1, 1994. As of October 1, 1994, all the household bills shall be current, including the mortgages. All pendente lite orders shall be current as of October 1, 1994.
3. Commencing October 1, 1994, the plaintiff shall be entitled to sole and exclusive use of the marital home. The defendant shall vacate the marital home on or before October 1, 1994.
XII. Counsel Fees
Each Party shall pay their respective counsel fees.
XIII. Wage Withholding
An immediate wage withholding is ordered.
XIV. Parenting Education
The parenting education program is waived.
Coppeto, J.